UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| LOCALS 302 AND 612 OF THE INTERNATIONAL UNION OF OPERATING ENGINEERS CONSTRUCTION INDUSTRY HEALTH AND SECURITY FUND, et al., <br><br> Plaintiffs, <br><br> v. <br><br> LES RUSSELL CONSTRUCTION, LLC, a Washington limited liability corporation, <br><br> Defendant. | Case No. C12-860-JPD <br><br> ORDER GRANTING PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT |

## I.   INTRODUCTION AND SUMMARY CONCLUSION

This matter comes before the Court on plaintiffs' unopposed motion for summary judgment. Dkt. 11. Plaintiffs ask the Court to conclude that no genuine issue of material fact exists and award them outstanding employee benefit contributions, outstanding union dues and union program payments, liquidated damages, interest, attorney's fees and costs. For the reasons discussed below, the Court ORDERS that plaintiff's motion, Dkt. 11, is GRANTED.

ORDER
PAGE - 1

## II. BACKGROUND

Plaintiffs are unincorporated associations operating as Trust Funds pursuant to section 302 of ERISA. *See* Dkt. 12 at 3 (Kafer Decl.). Plaintiffs filed the instant suit against defendant seeking to collect delinquent trust fund contributions and union dues. Dkt. 1. The parties have consented to this matter proceeding before the undersigned United States Magistrate Judge pursuant to 28 U.S.C. § 636(c). Dkt. 6 at 3.

In support of their motion for summary judgment, plaintiffs present the Court with the remittance documents they received from defendant for the months of December 2009 through April 2010 and January 2012 through June 2012. Dkt. 12, Ex. F. These documents reflect that defendant itself determined that it owed plaintiffs $86,147.47 in outstanding trust contributions and $6,078.74 in outstanding union dues and union program payments. *See id.* Plaintiffs also provide the Court with a master labor agreement by which defendant agreed to be bound by several trust agreements with plaintiffs, and each of the plaintiff trusts' agreements with defendant. *See id.*, Exs. A-E. Pursuant to these trust agreements, plaintiffs request interest (calculated at $11,327.56 through August 9, 2012), $10,343.00 in liquidated damages, and attorney's fees and costs. *Id.*, Exs. C-E.

## III. DISCUSSION

The Court may enter judgment as a matter of law only if it is satisfied that there is no genuine issue of material fact to preclude judgment as a matter of law. Fed. R. Civ. P. 56(c). As the moving party, plaintiffs bear the initial burden of informing the Court of the basis for summary judgment. *Celotex Corp. v. Catrett,* 477 U.S. 317, 323 (1986). They must prove each and every element of its claims or defenses such that no reasonable jury could find otherwise. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986). In doing so, they are entitled to rely on nothing more than the pleading themselves. *Celotex*, 477 U.S. at 322–24. Only if plaintiffs make that initial showing does the burden shift to defendant to show by

affidavits, depositions, answers to interrogatories, admissions, or other evidence that summary judgment is not warranted because a genuine issue of material fact exists. *Id.* at 324.

Notably, only those factual disputes whose resolution would affect the outcome of the suit are material. *Anderson,* 477 U.S. at 248. A genuine issue exists only if the evidence is such that a reasonable trier of fact could resolve the dispute in favor of the nonmoving party. *Id.* at 249. "If the evidence is merely colorable . . . or is not significantly probative . . . summary judgment may be granted." *Id.* at 249–50. In reviewing the evidence "the court must draw all reasonable inferences in favor of the nonmoving party, and it may not make credibility determinations or weigh the evidence." *Reeves v. Sanderson Plumbing Prods. Inc.,* 530 U.S. 133, 150 (2000).

Turning to the facts of the present case, the Court finds that there is no genuine issue of material fact. Defendant has not opposed plaintiffs' motion. Accordingly, pursuant to Local Civil Rule 7(b)(2), the Court presumes that defendant concedes that the plaintiffs' motion has merit. Moreover, defendant has not introduced any evidence in this case. Thus, as a practical matter, the Court is left only with plaintiffs' evidence, which clearly demonstrates entitlement to relief.

Both the provided trust agreements with defendant and defendant's own remittance reports demonstrate that defendant was obligated to pay plaintiffs contributions and dues. *See* Dkt. 12, Exs. C-F. Moreover, defendant's own remittance reports demonstrate exactly how much was owed under that obligation: $86,147.47 in trust contributions and $6,078.74 in union dues and union program payments. *See id.*, Ex. F. Finally, the only evidence in this case regarding payment by defendant is the declaration of Richard Kafer, the president of the corporation that administers the trusts. Mr. Kafer declares under penalty of perjury that defendant has yet to pay the amounts claimed. *See* Dkt. 12 at 8 (Kafer Decl.). Accordingly, the Court awards plaintiffs the requested amounts.

Finally, the trust agreements in this case each provide that plaintiffs are entitled to pre-judgment interest in an amount of 12% per annum and a 12% liquidated damages charge on all delinquent contributions, as well as reasonable attorney's fees and costs. Dkt. 12, Exs. C-E. ERISA requires this Court to award plaintiffs these amounts. *See* 29 U.S.C.A. § 1132(g)(2). The Court notes, however, that this Court's entry of judgment will bar further recovery of interest at the pre-judgment rate. Specifically, pursuant to 28 U.S.C. § 1961(a), post-judgment interest "shall be allowed on any money judgment in a civil case recovered in a district court." 28 U.S.C. § 1961(a). Post-judgment interest is calculated "at a rate equal to the weekly average 1-year constant maturity Treasury yield, as published by the Board of Governors of the Federal Reserve System, for the calendar week preceding the date of judgment." *Id*. Thus, plaintiffs shall also be awarded post-judgment interest for all dates following this Court's judgment, until the date the delinquent contributions are paid in full.

## IV.   CONCLUSION

Accordingly, the Court, after careful consideration of plaintiffs' motion for summary judgment, all supporting documents, and the balance of the record, does hereby find and ORDER:

(1)   Plaintiffs' motion for summary judgment, Dkt. 11, is GRANTED.

(2)   For the employment periods of December 2009 through April 2010, and January 2012 through June 2012, judgment is awarded in favor of the plaintiff trust funds and against defendant Les Russell Construction, LLC, in the following amounts:

    (A)   $86,147.47 for outstanding contributions;

    (B)   $6,078.74 for outstanding union dues and union program payments;

    (C)   $10,343.00 for liquidated damages;

    (D)   $11,327.56 for interest through August 9, 2012 (interest will continue to accrue at the agreed upon rate of 12% until the September 12, 2012 date of judgment, and thereafter at the statutory interest rate from the week

preceding judgment as set forth in 28 U.S.C. § 1961 until all contributions have been paid in full); and

    (E)    reasonable attorney's fees and costs to be determined at a later date.

(3)    Plaintiffs are directed to file a supplemental memorandum by no later than Friday, September 28, 2012, that sets forth the amount of interest, attorney's fees and costs currently owed.

(4)    The Clerk of the Court is directed to send copies of this Order to all parties.

DATED this 12th day of September, 2012.

*James P. Donohue*

JAMES P. DONOHUE
United States Magistrate Judge